IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 1:24-cv-00298 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JEFFREY OWNBY, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

The United States of America brings this suit pursuant to 31 U.S.C. § 5321(b)(2) to reduce to judgment civil penalties assessed against Jeffrey Ownby, including accrued interest and late payment penalties, for his non-willful failures to report his financial interests in foreign bank accounts pursuant to 31 U.S.C. § 5314 and its implementing regulations. A delegate of the Secretary of the Treasury of the United States referred this case to the Department of Justice in accordance with 31 U.S.C. § 3711(g)(4)(C). This action is brought at the direction of a delegate of the Attorney General of the United States. For its complaint, the United States alleges that:

1. This Court has jurisdiction over this action pursuant 28 U.S.C. §§ 1331, 1345, and 1355(a) because this case arises under a federal statute, the United States is the plaintiff, and the action seeks recovery or enforcement of civil penalties.

2. The defendant Jeffrey Ownby resides in La Grange, Illinois, and is within the jurisdiction of this Court.

3. Federal law requires every resident or citizen of the United States who has "a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country," with aggregate balances exceeding $10,000, to report that

1

relationship to the Department of the Treasury annually. 31 C.F.R. § 1010.350(a); 31 U.S.C. § 5314(a).

4. To fulfill this requirement during the years at issue, a person is required to file a FinCEN Form 114, Report of Foreign Bank and Financial Accounts, commonly known as an "FBAR."

5. Ownby is a United States citizen and was a United States citizen during the periods at issue.

6. Ownby is the CEO of ForceStream, Inc., a United States sub-chapter S corporation.

7. Ownby was the owner of Hamwood Holdings, S.A., a Panamanian corporation, in 2015, 2016, 2017, and 2018.

8. Ownby made income outside of the United States through his business ForceStream, Inc., in 2015, 2016, 2017, and 2018.

9. During the 2015, 2016, 2017, and 2018 calendar years, Ownby had a financial interest in, or signature or other authority over two foreign bank accounts with Rietumu Bank in Latvia. These foreign bank accounts were in the name of Hamwood Holdings, S.A., for which Ownby was an authorized signatory on both accounts. The aggregate balance of these accounts during each of the years 2015 through 2018 exceeded $10,000.00.

10. Ownby was required to report to the United States his financial interest in, or signature or other authority over, all foreign bank, securities, or other financial accounts for the 2015, 2016, 2017, and 2018 calendar years by filing a FinCEN Form 114, or FBAR.

11. Ownby was required to file an FBAR reporting the two Rietumu Bank accounts for the 2015, 2016, 2017, and 2018 calendar years by June 30, 2016; April 15, 2017; April 15, 2018; and April 15, 2019, respectively.

12. Ownby obtained tax preparation services through FGMK, LLC, to prepare his tax returns for tax years 2015 through 2018.

13. Ownby did not disclose his ownership interest in the foreign corporation Hamwood Holdings, S.A., to his tax return preparers at FGMK.

14. Ownby did not disclose his foreign bank accounts in Rietumu Bank to his tax return preparers at FGMK.

15. Ownby was required to report on a Schedule B, attached to his Form 1040, his financial interest in, or signature authority over, a financial account in a foreign country.

16. Ownby's Schedules B for tax years 2016, 2017, and 2018 falsely stated that he had no financial interest in, or signature authority over, a financial account in a foreign country.

17. Ownby failed to file an FBAR for the 2015, 2016, 2017, and 2018 calendar years.

18. On January 11, 2022, a delegate of the Secretary of the Treasury timely assessed $40,000.00 in civil FBAR penalties against Ownby, pursuant to 31 U.S.C. § 5321(a)(5), for failing to timely report his interests in foreign accounts for calendar years 2015, 2016, 2017, and 2018.

19. On January 19, 2022, the IRS issued a Letter 3708 Notice and Demand for Payment of FBAR Penalty to Ownby.

20. Despite notice and demand for payment, Ownby failed to pay the civil penalties assessed against him.

21. Ownby is also liable for statutory additions to the FBAR penalty, including interest pursuant to 31 U.S.C. § 3717(a)(1) and late-payment penalties pursuant to 31 U.S.C. § 3717(e)(2).

**WHEREFORE**, the plaintiff United States of America requests the following relief:

A. Judgment against the defendant Jeffrey Ownby for an amount to be determined after further proceedings, plus statutory additions including interest, late-payments penalties, associated fees, and further interest and statutory additions thereon as allowed by law; and,

B. Any other further relief as the Court determines is just and proper.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Curtis C. Paul*
CURTIS C. PAUL
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-892-0241 (v)
202-514-5238 (f)
curtis.paul@usdoj.gov

4